**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN FERRARA, <br><br> Plaintiff, <br><br> v. <br><br> UNION COUNTY PROBATION, *et al.*, <br><br> Defendants. | Civil Action No.: 16-9250 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants State of New Jersey Judiciary, Union Vicinage Probation Division (i/p/a "Union County Probation Department" and "Union County Criminal Case Management") (hereinafter referred to as "State Defendant"), Raymond Reynolds, Christine Shalayda, James Mudrak, and Wendi Campbell's (collectively referred to as "Individual Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 4). Plaintiff has submitted Opposition to the Motion to Dismiss (ECF No. 8), which Defendants have replied to. (ECF No. 9). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants State Defendants' portion of the Motion to Dismiss and denies Individual Defendants' portion of the Motion to Dismiss.

## BACKGROUND[1]

Plaintiff is a New Jersey Resident with a 2014 criminal conviction relating to drug charges. (ECF No. 1-1 ("Compl.") at "General Allegations" ¶¶ 2, 7-8). Part of his sentence was to participate in New Jersey's Drug Court Program and be subject to probation for five years. (Compl. at "General Allegations" ¶ 8). In February 2016, and while still subject to probation, Defendant was arrested for allegedly violating the terms of his probation. (Compl. at "General Allegations" ¶ 18). This violation allegedly occurred in September 2015. (Id.).

On February 8, 2016, Plaintiff's request to be released on his own recognizance was denied and he was detained in Somerset County from February 8, 2016 through February 9, 2016. (Id. at ¶ 19). Thereafter, Plaintiff was transferred from Somerset County to Union County where he remained in custody until February 19, 2016. (Id. at ¶¶ 20-21). On February 19, 2016, Plaintiff appeared before Judge Regina Caulfield in the Superior Court of New Jersey, Union County, Criminal Part. (Id. at ¶ 22). Plaintiff claims that prior to the February 19, 2016 hearing date Individual Defendants attempted to coerce him into testifying that he did in fact violate the terms of his probation, but he refused to. (Id. at ¶¶ 23-24). During the February 19, 2016 hearing, Judge Caulfield found that Plaintiff did not violate the terms of his probation. (Id. ¶ 26). Plaintiff alleges that he was supposed to be released immediately thereafter. (Id.). However, Plaintiff was not released until February 22, 2016 due to an alleged "paperwork/computer error." (Id. at ¶¶ 27-28). Plaintiff further alleges that, during his period of incarceration, Defendants refused to review his medical records to ascertain his need for his prescription medication and refused to inquire about said need. (Id. at ¶¶ 31-32).

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

On or about October 28, 2016, Plaintiff brought the instant action in the Superior Court of New Jersey, Union County, Law Division. (*See generally* Compl.). Plaintiff's Complaint asserts the following causes of actions: Count I – Abuse of Process; Count II – Malicious Prosecution; Count III – Civil Conspiracy; Count IV – False Imprisonment/Violation of 4th Amendment Rights; Count V – Defamation; Count VI – False Light; Count VII – Violation of 42 U.S.C. § 1983; Count VIII – Violation of Rights Under New Jersey's Constitution; Count IX – Negligence; and Count X – Violation of Plaintiff's Civil Rights. (Id.). On December 15, 2016, Defendants timely removed the action to this Court. (ECF No. 1). Collectively, State Defendant and Individual Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 4).

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no

3

more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## ANALYSIS

### I. State Defendant

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must allege two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It has long been established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989);

*see Marsden v. Federal BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *see also Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Accordingly, Defendant State of New Jersey Judiciary, Union Vicinage Probation Division is not a "person" within the meaning of a § 1983 suit and Counts I, III, VII, and X against it must be dismissed. *See e.g. Salerno v. Corzine*, 2006 U.S. Dist. LEXIS 92353, 2006 WL 3780587, at *3 (D.N.J. Dec. 20, 2006).

In addition to bringing claims under § 1983, Count VIII and X assert claims against State Defendant under New Jersey's Civil Rights Act ("NJCRA"). A person may bring a civil action under the NJCRA in two circumstances: "(1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force." *Felicioni v. Admin. Office of Courts*, 404 N.J. Super. 382, 400 (N.J. Super. App. Div. 2008). The NJCRA was modeled after Section 1983, and thus courts in New Jersey have generally looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F.Supp.2d 417, 443-44 (D.N.J. 2011); *see also Chapman v. New Jersey*, 2009 U.S. Dist. LEXIS 75720, 2009 WL 2634888, *3 (D.N.J. Aug. 25, 2009)("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart . . . ."); *Armstrong v. Sherman*, 2010 U.S. Dist. LEXIS 55616, 2010 WL 2483911, *5 (D.N.J. June 4, 2010)("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 . . . ."); *see generally Hedges v. Musco*, 204 F.3d 109, 120 n.12 (3d Cir. 2000)(concluding that New Jersey's constitutional provisions concerning search and seizures are interpreted analogously to the Fourth Amendment); *Pitman v. Ottehberg*, 2013 U.S. Dist. LEXIS 181906, 2013 WL 6909905, *8 (D.N.J. Dec. 31, 2013)(collecting cases).

Consistent with the above § 1983 analysis, New Jersey Courts, as well as the Third Circuit, have held that New Jersey is not a person for purposes of the NJCRA. *See Brown v. State*, 442

N.J. Super. 406, 426 (N.J. Super. App. Div. 2015)(finding that the State is not a "person" under the NJCRA); *see Didiano v. Balicki*, 488 F. App'x 634, 638-39 (3d Cir. 2012)(holding that the State is not a "person" under the NJCRA because although the NJCRA does not define "person," the definition of "person" in N.J.S.A. § 1:1-2 "explicitly states that the word 'person' shall include the State of New Jersey only in the limited circumstance of certain property disputes . . . . Thus, New Jersey has provided its own definition of the word 'person,' and that definition does not include the State . . . ."). Hence, State Defendant is not a person for purposes of the NJCRA and is not subject to liability under same. Plaintiff seemingly concedes this point as he does not address the issue in his opposition to the Motion to Dismiss. (ECF No. 8). Thus, Counts I, III VIII and X against State Defendant must be dismissed with prejudice.

Additionally, all the remaining Counts against State Defendant must also be dismissed. Counts II (malicious prosecution), III (civil conspiracy), V (defamation) and VI (false light) are all claims for intentional torts. However, the State of New Jersey may not be held liable for intentional torts allegedly committed by its employees. *See Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 767 (D.N.J. 2016); *see also Soto v. City of Newark*, 72 F. Supp. 2d 489, 497 (D.N.J. 1999) (citing *McDonough v. Jorda*, 214 N.J. Super. 338, 350 (N.J. Super. Ct. App. Div. 1986)(holding that a public entity may not be held liable for intentional torts of a public employee). Accordingly, since the State Defendant cannot be held liable for intentional torts, these counts must be dismissed as to State Defendant with prejudice.

## II. Individual Defendants

Individual Defendants assert that Plaintiff may not recover damages from them because they are entitled to qualified immunity. (ECF No. 4-1 (Def. Mov. Br.) at 19). Qualified immunity

6

shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "For qualified immunity to attach, an official must demonstrate his conduct was objectively reasonable." *Id.* at 818-19. Qualified immunity is unavailable to a defendant government official if plaintiff's complaint meets two prongs: (1) the facts alleged by plaintiff show the violation of a constitutional right; and (2) the plaintiff's constitutional right was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223 (2009) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013).

At this juncture, the allegations in Plaintiff's claims under § 1983 and the NJCRA are sufficient, and overcome Individual Defendants' assertion that they are entitled to qualified immunity. As discussed, to bring a § 1983 claim, and/or a parallel claim under the NJCRA, a plaintiff must allege: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West*, 487 U.S. at 48; *Piecknick*, 36 F.3d at 1255-56; *Trafton*, 799 F.Supp.2d at 443-44. In this matter, Plaintiff has done just that as to Individual Defendants.

Plaintiff alleges that, without justification, he was wrongly arrested by Individual Defendants for a purported violation of probation. According to Plaintiff, the arrest was improper because Individual Defendants knew Plaintiff did not in fact violate probation in September 2015, or at any other time. Thereafter, Individuals Defendants, while still aware that Plaintiff did not

violate probation, held Plaintiff in custody for approximately 11 days pending a hearing before the Superior Court of New Jersey. Moreover, Plaintiff claims that he was subject to an additional three days of incarceration due to some form of computer and/or administrative error. Again, Plaintiff asserts Individual Defendants deprived him of his rights and liberties by keeping him in custody for this period because Individual Defendants were aware that Plaintiff did not violate probation, but chose to hold him anyway. Finally, Plaintiff alleges that Individual Defendants all were acting under color of law as they presented themselves as officers of the State who were authorized to take such actions. These actions, Plaintiff asserts, deprived him of various civil rights including loss of liberty. Accordingly, this Court finds that Plaintiff has sufficiently pled all the requisite elements to assert causes of action for violations of § 1983 and the NJCRA.

However, in this case, simply pleading the requisite elements for the constitutional claims is only a part of the analysis. The Court must also conclude that, at this point in the litigation, Individual Defendants are not entitled to enjoy qualified immunity. Here, Plaintiff's complaint contains sufficient factual allegations that would allow a reasonable fact finder to possibly conclude that Individual Defendants acted in an unreasonable manner toward Plaintiff and beyond the scope of each person's role as a probation officer and/or official. Plaintiff's complaint contains allegations that Plaintiff's constitutional rights were knowingly violated by Individual Defendants and his right to liberty was established far before the alleged violation occurred.

For example, as discussed, Plaintiff has alleged that Individual Defendants knew that he did not violate probation, or that the assertion that he violated his probation was frivolous, but chose to arrest and detain him, as well as deprive him of access to purportedly necessary medication and/or treatment, in violation of his civil rights and liberties. (Compl. at Count II ¶¶

3-5). Plaintiff further alleges that these actions were done maliciously and with an intent to harm Plaintiff. (Id. at ¶ 5). Hence, it is Plaintiff's assertion that Individual Defendants knowingly chose to exceed the scope of their duties, by acting in a manner that no reasonable probation officer would act, and falsely and maliciously caused his arrest and detention. (Compl. at Count I ¶ 3-4). The Court must accept these allegations as true at this point in the litigation. Should a jury find these allegations credible, and find that Individual Defendants acted in a manner than is inconsistent with how a reasonable probation officer and/or official would act, Individual Defendants would not be entitled to qualified immunity. Accordingly, the Court finds that such allegations are sufficient to withstand a Motion to Dismiss based on qualified immunity. Therefore, at this juncture, Individual Defendants cannot advance a qualified immunity defense, and the Court denies Individual Defendants' Motion to Dismiss Plaintiff's Complaint based on said defense.

Furthermore, Plaintiff has successfully pled common law claims for civil conspiracy, defamation, false light and negligence against Individual Defendants. In New Jersey, a civil conspiracy is "'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means," the primary element of which "is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" *Banco Popular N. Am v. Gandi*, 184 N.J. 161, 177 (N.J. Sup. Ct. 2005) (quoting *Morgan v. Union Cnty. Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 364 (N.J. Super. Ct. App. Div. 1993)). Due to the circumstantial nature of evidence in a conspiracy action, the "'question of whether an agreement exists should not be taken from the jury'" if there is a possibility that the jury can "'infer from the circumstances that the alleged conspirators had a meeting of the minds

and thus reached an understanding' to achieve the conspiracy's objectives." Morgan, 268 N.J. at 365 (citation omitted). Here, Plaintiff has alleged that at least two of Individual Defendants agreed to act in concert and deprive Plaintiff of his rights. Specifically, Plaintiff has alleged that Individual Defendants knew that Plaintiff did not violate probation, or that the assertion that he violated his probation was frivolous, but acted in concert to harass him and deprive him of his freedom and civil liberties. (Compl. at Count III ¶¶ 3-5). Thus, Plaintiff's complaint contains allegations that at least two Individual Defendants jointly decided to deprive Plaintiff of his rights and took overt actions to accomplish their goal. These allegations are sufficient and the Court finds that Plaintiff has pled a *prima facie* cause of action for civil conspiracy against Individual Defendants.

A Plaintiff asserting a claim for defamation under New Jersey law must allege: (1) a defamatory statement; (2) concerning the plaintiff; (3) which was false; (4) that was communicated to someone other than the plaintiff; (5) with fault at least amounting to negligence; and (6) damages. *Cristelli v. Filomena II, Inc.*, 1999 U.S. Dist. LEXIS 18761at *2 (D.N.J. Dec.1, 1999) (citing *Monroe v. Host Marriot Servs. Corp.*, 999 F. Supp. 599, 603 (D.N.J.1998)); *DeAngelis v. Hill*, 180 N.J. 1 (N.J. Sup. Ct. 2004) (citing Restatement (Second) of Torts, § 558)). Plaintiff's complaint meets the above criteria. The complaint clearly states that Individual Defendants made various false statements about Plaintiff, including that the knowingly wrong assertion that he violated his probation. (Compl. at Count V ¶¶ 2-3). Those statements, Plaintiff asserts, were false and Individual Defendants were aware of their falsehood. (Id. at ¶¶ 3-6). However, Plaintiff alleges that, despite knowing the statements regarding Plaintiff's violations of probation were false, Individual Defendants maliciously made those statements to third-parties, as well as in open

10

court, causing his reputation to be tarnished. (Id. at ¶¶ 4-5). Therefore, the Court finds that Plaintiff has pled a *prima facie* cause of action for defamation.

Similarly, Plaintiff has also sufficiently pled a claim for false light. To state a claim for false light, New Jersey law requires a plaintiff allege that: (1) "the false light in which the other was placed would be highly offensive to a reasonable person;" and (2) "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 589 (N.J. Sup. Ct. 2009) (quoting *Romaine v. Kallinger*, 109 N.J. 282, 293 (N.J. Sup. Ct. 1988)). The falsely publicized matter must be a "major misrepresentation of [the plaintiff's] character, history, activities or beliefs," and, at the very least, create a false public impression of the plaintiff. *Romaine*, 109 N.J. at 295; *G.D. v. Kenny*, 411 N.J. Super. 176, 194 (N.J. Super. Ct. App. Div. 2009). Plaintiff's claim for false light meets this criterion. Specifically, Plaintiff alleges that Individual Defendants knowingly made false statements about his non-existent violation of probation. (Compl. at Count VI ¶¶ 2-3). Those allegedly false statements were made in open court and publicly, and resulted in his incarceration for approximately 14 days. (Id. at ¶¶ 3-5). Plaintiff further alleges that those false statements were major representations of his character that conveyed to the public he was once again engaged in criminal activity. (Id.). These allegations are sufficient to sustain a claim for false light. Thus, the Court denies Individual Defendants' motion to dismiss Count VI.

Finally, Plaintiff has successfully state a claim for negligence. A plaintiff bringing a claim for negligence under New Jersey law must allege that: (1) that the defendant had a duty of care; (2) that the defendant breached the duty of care; and (3) that the breach proximately caused actual

11

damages. *Piscitelli v. Classic Residence by Hyatt*, 408 N.J. Super. 83, 111 (N.J. Super. Ct. App. Div. 2009). Plaintiff's claim for negligence contains sufficient allegations to meet the above standard. Indeed, Plaintiff alleges Individual Defendants had a duty to act reasonably under the circumstances and when discharging their duties as probation officers and/or officials. (Compl. at Count IX ¶¶ 2-3). Plaintiff further alleges that Individual Defendants breached that duty when they knowingly made misrepresentations to the Court which caused him to be arrested and incarcerated for approximately 14 days. (Id. at ¶¶ 3-5). The wrongful arrest and incarceration, Plaintiff asserts, caused him to suffer damages. (Id. at ¶ 8). Hence, Plaintiff has successfully asserted a *prima facie* cause of action for negligence against Individual Defendants and their motion to dismiss Count IX is denied.

## CONCLUSION

For the aforementioned reasons, State Defendants' portion of the Motion to Dismiss Plaintiff's Complaint is hereby granted and Individual Defendants' portion of the Motion to Dismiss Plaintiff's Complaint is hereby denied in its entiety. An appropriate Order accompanies this Opinion.

DATED: March 22, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE