**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| STEVEN FERRARA,<br><br>    Plaintiff,<br><br>v.<br><br>UNION COUNTY PROBATION DEPARTMENT, UNION COUNTY CRIMINAL CASE MANAGEMENT, UNION COUNTY, STATE OF NEW JERSEY, UNION COUNTY SHERIFF'S DEPARTMENT, RAYMOND REYNOLDS, CHRISTINE SHALAYDA, JAMES MUDRAK, WENDI CABELL, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:16-cv-9250-JLL-SCM<br><br><br>**OPINION**<br>**ON MOTION TO ENFORCE**<br>**SETTLEMENT AGREEMENT**<br><br>**[D.E. 34]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendants', Union County and the Union County Sheriff's Department (collectively "Union County Defendants"), Motion to Enforce Settlement Agreement.[1] The parties consented to disposition of the motion by the undersigned.[2] There was no oral argument. Upon consideration of the parties' submissions and for the reasons set forth herein, Defendants' Motion to Enforce Settlement Agreement is **GRANTED**.

---

[1] (ECF Docket Entry ("D.E.") 34, Defs.' Mot. To Enforce Settlement Agreement).

[2] (D.E. 39, Consent to Magistrate Judge Disposition).

I.       **BACKGROUND AND PROCEDURAL HISTORY**

        The settlement agreement in dispute stems from a Section 1983 claim by plaintiff, Steven Ferrara ("Mr. Ferrara"). The parties conducted settlement negotiations during the month of September 2017.[3] On September 29, 2017, the parties sent several emails back-and-forth discussing settlement payout amounts, attorney fees, medical costs, payment instructions,[4] and Mr. Ferrara's outstanding warrant in Somerset County.[5] Later that day, the parties entered into a global settlement agreement in which Mr. Ferrara was to receive a total of $12,000.00 from the defendants ($6,000.00 from the State of New Jersey and $6,000.00 from Union County, collectively) and would be responsible for his own attorney fees and medical costs.[6] The agreement provided that Mr. Ferrara's outstanding warrant in Somerset County would not be affected by the agreement.[7] The Union County Defendants drafted the settlement agreement and sent it to Mr. Ferrara's attorney on October 4, 2017.[8] Mr. Ferrara never signed the agreement.[9]

        On October 12, 2017, Mr. Ferrara's counsel advised the Union County defendants that Mr. Ferrara was arrested in Somerset County for a violation of his probation and was detained in Somerset County jail.[10] The parties continued to arrange for Mr. Ferrara to execute the settlement

---

[3] (D.E. 34-2, Ex. A, Ex. B, Ex. C).

[4] (D.E. 34-2, Ex. A, Ex. B, Ex. C).

[5] (D.E. 34-2, Ex. B).

[6] (D.E. 38, Ex. A, at 2–3).

[7] (D.E. 34-2, Ex. B).

[8] (D.E. 38, Ex. A, at 1).

[9] (D.E. 38, Ex. A, at 2–3).

[10] (D.E. 34-2, Ex. D).

agreement. On October 17, 2017, Mr. Ferrara's attorney wrote to this Court that the parties have agreed to settle.[11]

On November 21, 2017, Mr. Ferrara's attorney arranged to meet with Mr. Ferrara at Somerset County Jail to execute the settlement agreement. However, at that time, Mr. Ferrara refused to sign, explaining that he was angry that Somerset County had him arrested.[12] Mr. Ferrara also claims that shortly after agreeing to settle with the Union County defendants, Somerset County had him arrested and penalized him by not allowing him in to Drug Court as he had been in the past.[13]

On November 27, 2017, Mr. Ferrara's attorney wrote to the Court confirming that the parties agreed to settle but Mr. Ferrara had not signed the agreement yet.[14] Mr. Ferrara's attorney requested a telephone conference with the Court. On December 1, 2017, while conferencing with the Court, Mr. Ferrara's attorney stated that Mr. Ferrara was no longer agreeable to the terms set forth in the settlement agreement. Consequently, the Court granted leave to the Union County Defendants to file a Motion to Enforce Settlement Agreement.[15]

---

[11] (D.E. 34-2, Ex. E).

[12] (D.E. 34-1, Defs.' Br., at 4).

[13] (D.E. 36, Certification of Steven Ferrara, at ¶ 10).

[14] (D.E. 29, Letter from Pl. to the Ct.).

[15] (D.E. 33, Order).

## II.   LEGAL STANDARD

A federal court may apply the substantive law of the forum state in deciding questions pertaining to the construction and enforcement of contracts.[16] Under New Jersey law, a settlement agreement between parties to a lawsuit is itself a contract that is separate and independent from the underlying dispute. New Jersey public policy favors settlements. Courts will therefore "strain to give effect to the terms of a settlement wherever possible."[17]

"Traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms."[18] The burden is on the moving party to establish that the parties entered into a contract of settlement.[19]

In order to have an enforceable settlement or contract there "must be a meeting of the minds for each material term to an agreement."[20] "A meeting of the minds occurs when there has been a common understanding and mutual assent of all the terms of a contract."[21] Objective manifestations of intent are controlling when determining if there was a meeting of the minds.[22]

---

[16] *Excelsior Insurance Co. v. Pennsbury Pain Center*, 975 F. Supp. 342, 349 (D.N.J. 1996); Life Ins. Co. v. Hayes-Green, No. 07-cv-2492 (WJM), 2008 WL 2119976, at *1 (D.N.J. May 20, 2008).

[17] *Trainer v. Anderson*, Civil Action No. 2:12-CV-2409-SDW-SCM, 2017 WL 5622504 (D.N.J. Nov. 1, 2017).

[18] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (internal citations omitted).

[19] *LNT Merch. Co.*, 2009 WL 2169236, at *1 (D.N.J. July 21, 2009)(internal citations omitted).

[20] ." *Barton v. Mid-Atl. Flooring Ventures Inc.*, No. 13-4592, 2016 WL 4119803, at *4 (D.N.J. Aug. 1, 2016) (internal quotations and citations omitted).

[21] ." *Id.* (citing *Knight v. New England Mut. Life Ins. Co.*, 220 N.J. Super. 560, 565 (App. Div. 1987)).

[22] *See Brawer v. Brawer*, 329 N.J. Super. 273, 283 (App. Div. 2000) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he

"Where a contract of settlement is actually held to exist...the party seeking to vacate the settlement must show compelling circumstances."[23] "In general, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances. . . . Before vacating a settlement agreement, our courts require clear and convincing proof that the agreement should be vacated."[24]

## III.    DISCUSSION

Union County has satisfied its burden of establishing that an enforceable settlement contract exists, and Mr. Ferrara has failed to show "compelling circumstances" that warrant vacating the settlement. The Court finds that the parties reached an agreement to settle this matter on September 29, 2017.  The parties manifested an intent to engage in an offer and acceptance of $12,000 to settle the claims in this case and end litigation on issues discussed in this case. The Court further finds that the parties manifested an intent to be bound by the agreement via e-mail on September 29, 2017, with a formal written contract to be executed subsequently.  Even Mr. Ferrara admits that he agreed to settle the case, stating in his Certification that "… I have agreed to settle my lawsuit with the Defendants in this litigation…"[25]

---

or she has a different, secret intention from that outwardly manifested."); *Leitner v. Braen*, 51 N.J. Super. 31, 38 (App. Div. 1958) ("The phrase, 'meeting of the minds,' can properly mean only the agreement reached by the parties as expressed, i.e., their manifested intention, not one secret or undisclosed, which may be wholly at variance with the former.").

[23] *Bowles v. New York Liberty*, 11-3529(ES), 2014 WL 7148916, at *2 (D.N.J. Dec. 15, 2014) (quoting *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475, 703 A.2d 9 (App. Div. 1996)).

[24] *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990) (internal quotations omitted).

[25] (D.E. 36, Certification of Steven Ferrara, at ¶ 9).

Now that the Court has found that a settlement contract exists, the burden shifts to Mr. Ferrara to show whether compelling circumstances exist to vacate the settlement. It is well established that "the party seeking to set aside the settlement agreement has the burden of proving . . . extraordinary circumstance[s] sufficient to vitiate the agreement."[26]

Mr. Ferrara objects to the settlement agreement because he claims that he entered into the agreement to eliminate harassment from a non-party, Somerset County Probation Department. Harassment by a non-party, or whatever motivates settlement, does not warrant vacating settlement, absent fraud. His unsupported allegations against a non-party in this matter fail to meet his burden of clear and convincing evidence of compelling circumstances required to vacate a settlement agreement.

Mr. Ferrara also argues that Somerset County had him arrested and retaliated against him by not allowing him into drug court as he has been in the past. This court has no jurisdiction over Somerset County Probation Department, a non-party in this case. Further, during negotiations, the parties discussed the issue of Mr. Ferrara's outstanding warrant and how the settlement would have no effect on the warrant. Union County advised Mr. Ferrara of his outstanding warrant[27] and yet he still entered into the agreement, implying that it was not material to the settlement with Union County. Further, Mr. Ferrara did not pursue the issues related to his outstanding warrant in Somerset County or the alleged harassment by Somerset during settlement negotiations nor in this

---

[26] *Jennings v. Reed*, 381 N.J. Super. 217, 227 (App. Div. 2005); *see also Bowles v. New York Liberty*, No. CIV.A. 11-3529 ES, WL 7148976 (D.N.J. 2014); *Kaur v. Assured Lending Corp.*, 405 N.J. Super. 468 (App. Div. 2009); *Smith v. Fireworks By Girone, Inc.*, 380 N.J. Super. 273 (App. Div. 2005); *AT & T Corp. v. Twp. Of Morris*, 19 N.J. Tax 319 (2000).

[27] (D.E. 34-2, Ex. B).

letter to this Court, and his later discussion of these issues after the settlement indicates nothing but buyer's remorse.

The burden to vacate settlement rests on Mr. Ferrara yet he has failed to demonstrate that the settlement was entered through fraudulent or coercive means or that he lacked the legal standing or capacity to enter into either the settlement agreement via email or the subsequent written agreement. Accordingly, the Court finds that Mr. Ferrara has failed to meet his burden to show compelling circumstances that would warrant vacating the settlement.

An appropriate Order shall follow.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/16/2018 6:41:13 PM

Original: Clerk of the Court
cc: All parties
    File

7